UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | |
|---|---|
| MARK MILBURN, ADMINISTRATOR ) <br> OF THE ESTATE OF MICAH ) <br> MILBURN, et al. ) <br> ) <br>        PLAINTIFFS ) <br> ) <br> v. ) <br> ) <br> JANE E. WATTS, et al. ) <br> ) <br>        DEFENDANTS ) | CIVIL ACTION NO. 3:19-CV-155-JHM |

## NOTICE OF REMOVAL

Defendant, Barbarella Louisville, LLC ("Barbarella Louisville"), by counsel, hereby files this Notice of Removal to the United States District Court for the Western District of Kentucky at Louisville, stating as follows:

1.  This matter is a civil action over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a). It is also an action which Defendant is entitled to remove to this Court pursuant to 28 U.S.C. §1441 in that the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, and the action is between citizens of different states.

2.  On or about February 13, 2019, Plaintiff filed this action in Jefferson Circuit Court, Commonwealth of Kentucky, styled *Mark Milburn, as Administrator of the Estate of Micah Milburn, et al. v. Jane E. Watts, et al.*, Case No. 19-CI-01025 (the "Civil

Action"). The Complaint filed in the Civil Action alleges that this Defendant through its "agents, servants, and employees … negligently and carelessly sold and/or dispensed to Jane E. Watts, alcoholic beverages when such agents, servants, and employees knew or should have known that Jane E. Watts was already intoxicated at the time of the serving of such beverages." The Complaint further alleges that on or about June 30, 2018, after been negligently and carelessly served alcoholic beverages by this Defendant, Jane E. Watts "operated and drove her vehicle on a public highway … in such a grossly careless, grossly negligent, reckless and wanton manner, so as to cause it to enter the intersection … without the right of way and collide with the vehicle being operated by Micah Milburn." Copies of the Complaint and Summons served in the Civil Action are included in the complete record of the Civil Action which is attached hereto as Exhibit A.

3.    This Defendant was served with the Summons and Complaint filed in the Civil Action on February 18, 2019.

4.    The Complaint alleges that Plaintiff Mark Milburn is a resident of the Commonwealth of Kentucky. The Complaint further alleges that Plaintiff Tosha Miracle is a resident of the Commonwealth of Kentucky. Consequently, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), both Plaintiffs are citizens and residents of the Commonwealth of Kentucky.

5.    The Complaint alleges that Defendant Jane E. Watts ("Watts") is a resident and citizen of the State of Indiana.

6.    The Complaint alleges that Defendant Barbarella Louisville is a Nevada corporation authorized to do business in Jefferson County, Kentucky. Barbarella

Louisville is, in fact, a Nevada limited liability corporation whose sole member, John Irvin Gardner, is a citizen and resident of the State of Florida. Therefore, for purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), Barbarella Louisville is a citizen and resident of the State of Florida.

7. With regard to the amount in controversy, Plaintiffs allege that the Defendants grossly, wantonly, and/or recklessly caused the death of Plaintiff's decedent, Micah Milburn, and Plaintiffs request an award of compensatory and punitive damages. Upon information and belief, and according to the allegations made in the Complaint, Plaintiffs claim damages in excess of $75,000.

8. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the Civil Action is within the original jurisdiction of this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a).

9. This Notice of Removal is filed within thirty (30) days of the receipt of the initial pleading by this Defendant and, thus, this case is removable pursuant to the provisions of 28 U.S.C. §1446(b).

10. According to the on-line docketing system maintained by the Kentucky Court of Justice (CourtNet), Defendant Watts has not yet been served with the summons and Complaint and, therefore, her consent to removal is not necessary.

11. Barbarella Louisville has this day given written notice of the filing of this Notice of Removal to the Plaintiffs and has filed a copy of this Notice of Removal with

the Clerk of the Jefferson Circuit Court, Commonwealth of Kentucky. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

WHEREFORE, Defendant respectfully prays that the action now pending in the Jefferson Circuit Court, Civil Action No. 19-CI-01025 be removed from that court to this Court.

Respectfully submitted,

/s/ Cornelius E. Coryell, II
Cornelius E. Coryell, II
ccoryell@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202
502.589.5235

*Counsel for Barbarella Louisville, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. I also certify that a true and correct copy of the foregoing has been served upon the following, by U.S. mail, on this the 4th day of March, 2019:

Kristopher G. Bates
440 South Seventh Street, Suite 200
Louisville, KY 40203-1967
kristopherbateslaw@gmail.com

Jane E. Watts
617 Maple Street
Jeffersonville, IN 47130

*Counsel for Plaintiffs*

/s/ Cornelius E. Coryell
*Counsel for Barbarella Louisville, LLC*

61816527.1