UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

MARK MILBURN, et al.                                                                PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:19-CV-155-JRW-RSE

JANE E. WATTS, et al.                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

Plaintiffs filed this wrongful death action against Watts and Barbarella, Louisville LLC in mid-February 2019.[1] DN 1-2. The Complaint says, "Upon information and belief, Defendant, Jane Watts, is a resident of the State of Indiana." *Id.* ¶ 3. Plaintiffs are Kentucky residents. *Id.* ¶¶ 1, 2. Barbarella is a Florida citizen. DN 1 ¶ 6.

Plaintiffs now say that Watts is a Kentucky citizen like they are. DN 42. Although Plaintiffs tried to serve Watts at an Indiana address through the Kentucky Secretary of State, the summons was returned undelivered. DN 42-1. Watts's Kentucky driver's license was issued on September 9, 2018. DN 42-2. Watts testified that she lived in Louisville from August 2018 to August 2019. DN 46-1. Before that, she lived in Jeffersonville, Indiana with her former spouse. *Id.* She has lived in the Louisville area for six years and is originally from Bowling Green. *Id.*

The Court has diversity jurisdiction when the matter in controversy exceeds $75,000, and the lawsuit is between "citizens of different States." 28 U.S.C. § 1332(a)(1). The Court presumes that it doesn't have jurisdiction. *Thomas v. Bd. Tr. Ohio State Univ.*, 195 U.S. 207, 211 (1904).

---

[1] The Complaint has a file stamp that says, "RECEIVED FEB 18 2019," indicating that Plaintiffs filed it in Jefferson Circuit Court on February 18, 2019. DN 1-2. However, both Plaintiffs and Barbarella say the Complaint was filed on February 13, 2019. DN 1 ¶ 2 & DN 42 at #136. This difference is immaterial because Barbarella didn't provide any evidence on Watts's domicile on either date.

1

Barbarella, the removing party, bears the burden of demonstrating jurisdiction. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). Despite bearing this burden, Barbarella didn't attach any evidence contradicting Plaintiffs' evidence. Instead, it relies on Watts's Answer, where she admitted on March 7, 2019 that she "is a resident of the State of Indiana." DN 11 ¶ 3 (admitting DN 1-2 ¶ 3).

Barbarella makes too much of Watts's admission. Although Watts admitted on March 7, 2019 that she was an Indiana resident, having an Indiana residence is not the same as being an Indiana citizen. *Steigleder v. McQuesten*, 198 U.S. 141, 143 (1905). Domicile – not residence – determines a party's citizenship. *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). Domicile has two components: residence and intent to remain. *Mitchell v. United States*, 88 U.S. 350, 353 (1874).

Barbarella has not demonstrated that Watts was an Indiana citizen in February 2019. Watts testified that she was a Kentucky resident at that time. There is no evidence suggesting that though Watts moved back to Kentucky, she intended to remain in Indiana where she lived with her former spouse. Conversely, her Kentucky driver's license and decision to move back to Kentucky provide at least some evidence that she intended to remain in Kentucky. The Court concludes that Watts is a Kentucky citizen, and therefore, it lacks jurisdiction over this case.

Accordingly, the Court **GRANTS** Plaintiffs' motion to remand (DN 42). The Court **REMANDS** this matter to Jefferson Circuit Court and **DISMISSES** this action **without prejudice**.

*Justin R. Walker*

Justin R Walker, District Judge
United States District Court

3/17/2020